FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

2009 OCT -9 A 11: 44

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

Warren Weitzman,  )
   7107 Thomas Branch Drive  )
   Bethesda, Maryland 20817  )
  )
v.  )  Case No. 1:09CV1141-CMH/IDD
  )
Lead Networks Domains Pvt. Ltd.  )
   B-304 Florida, Y-11, Shastri Nagar  )
   Lokhandwala Complex, Andheri (West)  )
   Mumbai, MAHARASHTRA,  )
   India 400053  )
   cover@leadnetworks.in  )
  )

In Re:
  belis.com
  condenaste.com
  daffy.com
  epsun.com
  fivebars.com
  gunit.com
  helmsley.com
  livs.com
  mascaron.com
  oncologics.com
  pirreli.com
  profesia.com
  reabok.com
  remolacha.com
  satz.com
  sonystyles.com
  sunlet.com
  validas.com
  vespas.com
  Vitallium.com
  viao.com
  zire.com
  redroof.org

1

## Complaint

Comes Now Warren Weitzman, by counsel, and files this complaint against Lead Networks Domains, Pvt., Ltd..

I. The Parties

    1.    Plaintiff, Warren Weitzman (hereinafter "Weitzman") is a natural person with a primary residence of 7107 Thomas Branch Drive, Bethesda,, Maryland 20817.

    2.    Upon information and belief, Defendant Lead Networks Domains Pvt. Ltd., (hereinafter "Lead Networks"), is a corporation organized under the laws of and has its principal place of business at B-304 Florida, Y-11, Shastri Nagar, Lokhandwala Complex, Andheri (West), Mumbai, MAHARASHTRA, India 400053.

    3.    The subject domain names, the *res* of this *in rem* action, are 22 internet domain names, 21 of which are ".com" domains, for which the registry is Verisign, Inc., 21355 Ridgetop Circle - Lakeside III, Dulles, Virginia 20166, and one of which is a ".org" domain, for which The Public Interest Registry, 1775 Wiehle Avenue, Suite 200, Reston, Virginia 20190 is the registry. Both of these registrys are located within this judicial district.

II. Jurisdiction and Venue over the Subject Matter of this Action

    4.    This Court has *in rem* jurisdiction over the subject domains pursuant to the Anticybersquating Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d), insofar as the registry for the domain .com names, Verisign, Inc., is located within this judicial district. The registry for .org domain names, The Public Interest Registry, is similarly located within this judicial district.

2

5. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the plaintiff is a citizen of the State of Maryland and the defendant is a citizen of India, and the value of the property in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this district pursuant to 15 U.S.C. § 1125(d) as both of the subject registrys, Verisign, Inc. and The Public Interest Registry, have their principal places of business in this judicial district. Venue is further proper pursuant to 28 U.S.C. 1391 (a)(2) as the subjects of the action resides in this district.

7. The Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the rights of the Plaintiff in this matter.

### III. Notice

8. Pursuant to ACPA § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this complaint and application for injunctive is being sent to Lead Networks at the postal and email address listed on their website, leadnetworks.com, which are respectively (1) Lead Networks Domains Pvt. Ltd., B-304 Florida, Y-11, Shastri Nagar Lokhandwala Complex, Andheri (West), Mumbai, MAHARASHTRA, India 400053, and (2) cover@leadnetworks.in. Weitzman is providing such notice contemporaneously with the filing of this complaint. Pursuant to 15 U.S.C. §1125(d)(2)(A)(ii)(II)(bb), Weitzman will promptly publish notice of this action as the court may direct after filing of this Complaint. A request to waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure is being sent as well.

IV. Factual Background

9.  Weitzman is in the business of domain monitization and as such collects domain names for the purpose of turning Internet traffic into monetary gain through the use of click through traffic.

10. Defendant is a registrar authorized to maintain domain names for third parties.

11. The Plaintiff obtained the below listed domain names on the dates listed:

|    | Domain Name    | Registry                      | Date       | Original DNS |
|----|----------------|-------------------------------|------------|--------------|
| 1  | belis.com      | Verisign, Inc.                | 7/19/2002  | NS1.JUST.NET |
| 2  | condenaste.com | Verisign, Inc.                | 8/27/2004  | NS1.JUST.NET |
| 3  | daffy.com      | Verisign, Inc.                | 1995       | NS1.JUST.NET |
| 4  | epsun.com      | Verisign, Inc.                | 7/16/2001  | NS1.JUST.NET |
| 5  | fivebars.com   | Verisign, Inc.                | 5/1/2006   | NS1.JUST.NET |
| 6  | gunit.com      | Verisign, Inc.                | 4/22/2001  | NS1.JUST.NET |
| 7  | helmsley.com   | Verisign, Inc.                | 7/10/2003  | NS1.JUST.NET |
| 8  | livs.com       | Verisign, Inc.                | 6/14/2001  | NS1.JUST.NET |
| 9  | mascaron.com   | Verisign, Inc.                | 5/19/2005  | NS1.JUST.NET |
| 10 | oncologics.com | Verisign, Inc.                | 6/10/2004  | NS1.JUST.NET |
| 11 | pirreli.com    | Verisign, Inc.                | 1/10/2003  | NS1.JUST.NET |
| 12 | profesia.com   | Verisign, Inc.                | 11/25/2003 | NS1.JUST.NET |
| 13 | reabok.com     | Verisign, Inc.                | 3/28/2000  | NS1.JUST.NET |
| 14 | remolacha.com  | Verisign, Inc.                | 6/30/1999  | NS1.JUST.NET |
| 15 | satz.com       | Verisign, Inc.                | 12/16/2002 | NS1.JUST.NET |
| 16 | sonystyles.com | Verisign, Inc.                | 5/1/2005   | NS1.JUST.NET |
| 17 | sunlet.com     | Verisign, Inc.                | 11/30/2003 | NS1.JUST.NET |
| 18 | validas.com    | Verisign, Inc.                | 1/21/2000  | NS1.JUST.NET |
| 19 | vespas.com     | Verisign, Inc.                | 3/29/2002  | NS1.JUST.NET |
| 20 | Vitallium.com  | Verisign, Inc.                | 5/27/2006  | NS1.JUST.NET |
| 21 | viao.com       | Verisign, Inc.                | 9/29/1999  | NS1.JUST.NET |
| 22 | zire.com       | Verisign, Inc.                | 10/10/2004 | NS1.JUST.NET |
| 23 | redroof.org    | Public Interest Registry, Inc.| 9/29/1999  | NS1.JUST.NET |

12. The subject domain names are extremely valuable and their loss has deprived the Plaintiff of the income regularly generated by the domain names in the amount of more than $2,000 per month. The subject domain names are collectively worth more than Two Million Dollars ($2,000,000).

13. Defendant Lead Networks has taken control of each of the subject domain names by effectively re-titling the subject domains as if they were owed by Lead Networks.

14. Lead Networks has redirected income produced by the subject domain names from Weitzman, the proper owner, to itself.

15. Lead Networks has registered and used Weitzman's domain names for the purpose of acquiring the proceeds from the traffic to the domain names.

16. Weitzman, through his use of the subject marks in commerce for many years has common law rights in the subject marks.

17. Lead Networks actions are in violation of these rights.

## COUNT I
### Claim for Declaratory Judgment

18. Weitzman repeats and realleges Paragraph Nos. 1-17 of this Complaint as if fully set forth herein.

19. Weitzman has entered into contracts to control each of the above listed domain names.

20. Defendant's actions have taken control of the subject domains from Weitzman.

21. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of the Plaintiff in this matter.

## COUNT III
### Violation of the Anticybersquatting
### Consumer Protection Act (ACPA), 15 U.S.C. § 1114(2)(d)

22. Weitzman repeats and realleges Paragraph Nos. 1-21 of this Complaint as if fully set forth herein.

23. Weitzman owns each of the subject domain names which he has, since acquisition, used in his business to generate income.

24. Weitzman, through his use of the subject marks in commerce for many years has common law rights in the subject marks

25. Weitzman, because of the Defendant's actions, is being prevented from using and exercising control of the subject domain names.

26. The Defendant, because of its position as a registrar, is obligated to not take control of its clients domain names and, in doing so, has exhibited bad faith intent to profit from Weitzman's common law marks.

## COUNT IV
### Tortuous interference with Contractual Relationship

27. Weitzman repeats and realleges Paragraph Nos. 1-26 of this Complaint as if fully set forth herein.

28. Weitzman has properly entered into contracts with the appropriate registry as to each of the subject domain names, is the owner of each listed domain name and has used each name in a lawful manner.

29. Defendant has unlawfully taken control of the subject domain names, interfering with the Plaintiff's lawful contract rights as to each domain name.

30. As a result of Defendants acts Weitzman has been damaged and will continue to be damaged.

31. Weitzman request that this Court declare Defendants liable for its past and any future losses in association with the registration service contract.

## COUNT V
### Conversion

32. Weitzman repeats and realleges Paragraphs 1-31 of this Complaint as if fully set forth herein.

33. Weitzman has property rights in each of the subject domain names.

34. Lead Networks Domains, Inc. has taken control of the subject domain names and is wrongfully exercising control and authority over the subject domain names.

35. The control and authority exercised by Lead Networks Domains deprives Weitzman of control and the income generated from the subject domain names.

36. Lead Networks Domains is wrongfully exerting dominion over Weitzman's property in denial of his rights.

WHEREFORE, Plaintiff Weitzman demands judgment against Defendant, as follows:

I. Declaring that Weitzman is the only entity with any rights to the contract controlling the subject domain names.

II. Declaring Defendant does not have any further rights to the subject domain names.

III. ORDERING the subject registrys to release their holds and return control of the domain names to Weitzman.

IV. ORDERING that Lead Networks Domains disgorge any income received from any of the subject domain names at any time.

V.    Awarding Weitzman damages in the amount of Five Million Dollars ($5,000,000) based on the Defendant's conduct as set out above.

VI.   Awarding attorney's fees and costs and interest to Weitzman;

VII.  Granting such other and further relief to Plaintiff Weitzman as this Court deems just and proper.

Date: October 9, 2009.

Respectfully Submitted,
Warren Weitzman
by counsel

_____
Jonathan Westreich, Esq.
VSB No. 37393
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050
fax: 703-548-1831
jonathan@westreichlaw.com